**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mendota Insurance Company, | No. CV-16-03375-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Shirley Snage, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Mendota Insurance Company's Motion to Vacate the Court's January 19, 2018 Order (Doc. 133, Mot.). Defendant has not filed a Response, and takes no position with respect to the Motion.

**I.     BACKGROUND**

Mendota filed this action in October 2016 pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. In its Complaint, Mendota sought a judgment from this Court that it validly cancelled an insurance policy issued to Defendant, Shirley Snage, prior to a car accident, which occurred on June 17, 2016. (Doc. 46, Am. Compl.) Snage later filed two counterclaims against Mendota: (1) for a declaratory judgment that her policy was in effect at the time of the accident; and (2) for bad faith for Mendota's acts in denying her claim. (Doc. 47, Am. Answer & Countercl.)

On October 16, 2017, Mendota filed a Motion for Summary Judgment on its Complaint and on Snage's counterclaims. (Doc. 102.) In response, Snage moved for summary judgment on Mendota's Complaint and on Count I of her own Counterclaim.

(Doc. 108.) The Court reviewed the briefs, and the evidence submitted in conjunction before ruling on the Motions. On January 19, 2018, the Court denied Mendota's Motion and granted Snage summary judgment on Mendota's Complaint and Count I of her Counterclaim. (Doc. 120, Order.) Shortly thereafter, Snage and Mendota reached a settlement agreement resolving all remaining claims in the case. (Doc. 131.) On the back of that settlement, Mendota now moves to vacate the Court's summary judgment Order.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that "[t]he court may relieve a party . . . from a final judgment, order, or proceeding . . . for any [] reason that justifies relief." Courts thus weigh "the consequence and attendant hardships of dismissal or refusal to dismiss and the competing values of finality of judgment and right to relitigation of unreviewed disputes." *American Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998) (internal quotations omitted) (quoting *Dilley v. Gunn*, 64 F.3d 1365, 1370–71 (9th Cir. 1995)).

However, courts proceed under Federal Rule of Procedure 54(b) when, as here, a party seeks to vacate a partial summary judgment order prior to the entry of judgment. Under Rule 54(b), a district court may vacate an order when it is "consonant with equity" to do so. *John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 91 (1922). Although this standard is more flexible, *see Persistence Software, Inc. v. Object People, Inc.*, 200 F.R.D. 626, 627 (N.D. Cal. 2001) (citing Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment), courts still look to the Rule 60(b) standard when determining whether vacatur is equitable, *see Gardner v. CafePress Inc.*, 2015 WL 13427727, at *1 (S.D. Cal. Jan. 9, 2015).

Analysis

In its Motion, Mendota offers little in terms of substantive argument, suggesting merely that "the Court should support the terms of settlement" between Mendota and

Snage.[1] (Mot. at 3.) Indeed, Mendota concludes that the fact that "there is no hardship in vacating the Order . . . weighs in favor of vacating the Order." (Mot. at 4.) But the fact that there may be no hardship in vacating the Order does make the converse true—i.e., that a decision not to vacate the Order causes hardship. And, Mendota has not argued that "it will be unfairly prejudiced by the potential preclusive effect" of the Court's Order in future litigation. *See Persistence Software*, 200 F.R.D. at 627. Moreover, if the Court were to vacate its Order here, it may actually "discourage settlement" in future cases because "litigants 'may think it worthwhile to roll the dice rather than settle . . . if, but only if, an unfavorable outcome can be washed away by a settlement-related vacatur.'" *Gardner*, 2015 WL 13427727, at *3 (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 28 (1994)). The Court thus finds that the "consequence . . . of dismissal" weighs against vacating its Order. *See American Games*, 142 F.3d at 1168; *see also Gardner*, 2015 WL 13427727, at *3 (denying motion to vacate when the "parties do not proffer a single valid hardship that weighs in favor of vacatur").

Mendota brought this action; Mendota sought summary judgment; and, ultimately, Mendota did not prevail. The Court has devoted substantial resources to this case, particularly in resolving the Motions for Summary Judgment. Thus, the Court declines to vacate its Order.

IT IS THERFORE ORDERED denying Plaintiff's Motion to Vacate the Court's January 19, 2018 Order (Doc. 133).

IT IS FURTHER ORDERED denying as moot Plaintiff's Motion to Vacate the Court's May 10, 2018 Order (Doc. 135).

Dated this 2nd day of July, 2018.

*[signature]*
Honorable John J. Tuchi
United States District Judge

---

[1] Importantly, the settlement agreement between Mendota and Snage was not conditioned on the vacatur of the Court's summary judgment Order. (Mot. at 3.)